UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-3524(DSD/JJG)

Residential Funding Company, LLC,

       Plaintiff,

v.                                                          **ORDER**

SouthTrust Mortgage Corporation
and Wells Fargo Bank, N.A.,

       Defendants.

    David Elsberg, Esq. and Quinn, Emanuel, Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010 and David L. Hashmall, Esq. and Felhaber Larson, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, counsel for plaintiff.

    Greg W. Chambers, Esq., American Mortgage Law Group PC, 75 Rowland Way, Suite 350, Novato, CA 94945 and Richard C. St. John, Esq. and Munger, Tolles & Olson, 355 South Grand Avenue, Suite 3500, Los Angeles, CA 90071, counsel for defendant.

    This matter is before the court upon the motion to dismiss the amended complaint by defendant Wells Fargo Bank, N.A. successor by merger to defendant SouthTrust Mortgage Corporation (collectively, Wells Fargo). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

    This business dispute arises out of the sale of Wells Fargo-underwritten mortgage loans to plaintiff Residential Funding

Company, LLC (RFC). RFC is a business engaged in the acquisition and securitization of residential mortgage loans. Am. Compl. ¶ 2. RFC acquired loans from correspondent lenders, such as Wells Fargo, who were responsible for collecting and verifying borrower information and underwriting the loan. Id. ¶ 21. Once underwritten, loans were sold to RFC and then distributed in pools to be sold into residential mortgage-backed securitization (RMBS) trusts or to whole loan purchasers. Id. ¶ 3.

Wells Fargo and RFC entered into a "Seller/Servicer Contract" (Contract), which incorporated by reference the "Seller and Servicer Guides." See, e.g., id. Ex. A, at 1. RFC alleges that the Seller and Servicer Guide referenced in the Contract is equivalent to the "Client Guide," and that the Contract and Client Guide collectively formed the parties' agreement (Agreement). See Am. Compl. ¶ 19 (noting that different versions of relevant Guides existed over time). Pursuant to the Agreement, Wells Fargo made several representations and warranties regarding the loans sold to RFC. See id. ¶ 25. Failure to comply with such representations and warranties by Wells Fargo constituted an "Event of Default" under the Agreement. See id. ¶ 27. Further, the Agreement specified the remedies available to RFC if an Event of Default occurred, including Wells Fargo's obligation to indemnify RFC against liabilities resulting from such events. See id. ¶ 30.

Wells Fargo and RFC operated pursuant to the Agreement until May 2012. See id. ¶ 2. Over time, many of the loans sold by Wells Fargo went into default or became delinquent, resulting in losses to RFC in excess of $126.2 million. Id. ¶ 40. Wells Fargo repurchased some defective loans pursuant to the Agreement. Id. ¶ 46. RFC was sued in numerous actions stemming from defective loans it had re-sold. See id. ¶ 49. RFC filed for Chapter 11 bankruptcy protection on May 14, 2012. See ¶ 51. On December 17, 2013, the bankruptcy plan became effective. Id. ¶ 76.

On March 28, 2014, RFC filed an amended complaint, alleging claims for (1) breach of warranties and (2) indemnification. Wells Fargo moves to dismiss.

## DISCUSSION

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record, some materials that do not contradict the complaint, exhibits attached to the complaint and materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the Contract, Client Guide excerpts and list of loans submitted by RFC are attached to the amended complaint and are properly before the court.

## II. Breach of Warranties

To state a claim for breach of warranties,[1] a plaintiff must allege the existence of a warranty, a breach of the warranty and a causal link between the breach and the alleged harm. See Hendricks v. Callahan, 972 F.2d 190, 193 (8th Cir. 1992) (applying Minnesota law). Further, RFC must likely allege reliance on the warranty.[2] See Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co., No. A13-1944, 2014 WL 2965404, at *4 (Minn. July 2, 2014); Midland Loan Fin. Co. v. Madsen, 14 N.W.2d 475, 481 (Minn. 1944) ("To enable a party relying upon breach of ... warranty to recover, it must be

---

[1] The heading of the first claim characterizes it as a breach of contract claim. Wells Fargo argues that such a claim is solely one for breach of contract and cannot be interpreted to allege a breach of warranty claim. A breach of warranty claim, however, "*is* a breach of contract claim." Bluewater Yacht Sales, Inc. v. Liberty Coach, Inc., No. 07-3039, 2009 WL 1684454, at *4 (W.D. Ark. June 12, 2009) (emphasis added); see also Malone v. Husker Auto Grp., Inc., No. 4:08CV3199, 2008 WL 5273670, at *4 (D. Neb. Dec. 17, 2008) ("[T]he label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states." (citation and internal quotation marks omitted)). Indeed, RFC states that it does not assert a general breach of contract claim. See Mem. Opp'n 8. As a result, the court looks to the substance of the claim and concludes that RFC asserts a claim for breach of warranties, rather than a general breach of contract claim.

[2] The Minnesota Supreme Court has recently held that "breach of a contractual representation of future legal compliance [is] actionable under Minnesota law without proof of reliance." See Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co., No. A-13-1944, 2014 WL 2965404, at *3 (Minn. July 2, 2014). The court declined to reach the issue of whether proof of reliance is required in breach of warranties claims. See id. at *4 n.6. As a result, the court assumes the continuing viability of the rule announced in Midland Loan Fin. Co. v. Madsen, 14 N.W.2d 475, 481 (Minn. 1944).

clear and definite that there was actual reliance upon the warranties involved."). Wells Fargo argues that RFC has failed to state a claim for breach of warranties because it (1) fails to adequately specify the warranties at issue, given the multiple versions of the relevant Guides and (2) fails to specifically allege the breaches, loans and damages at issue.

**A.   Warranties**

Wells Fargo argues that it does not have fair notice of the claim. Specifically, Wells Fargo argues that the amended complaint does not adequately allege that the Client Guide is equivalent to the Seller and Servicer Guide or which version of the Client Guide applies to each allegedly-defective loan. A complaint must provide "fair notice of what the ... claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 556 (alteration in original) (citation and internal quotation marks omitted).

As an initial matter, RFC provides in the amended complaint that not all existing iterations of the Client Guide have been attached, but that all material portions have been included. <u>See</u> Am. Compl. ¶ 19. For purposes of the instant motion, the court accepts such an assertion as true. Further, RFC alleges breach of several specific provisions of the Client Guide. <u>See</u> Am. Compl. ¶ 25. Specifically, RFC cites numerous warranties and representations made by Wells Fargo, including, among others, (1) the legality of loan origination, servicing and transfer, <u>id.</u>

6

Ex. B-2, at §§ A201(K), A202(I); (2) the obligation to promptly notify RFC of any act or omission materially affecting the loans or mortgagor, id. at § A201(M); (3) the accurate and proper execution of all loan documents, id. at §§ A202(A),(D); and (4) the absence of any default, breach, violation or event of acceleration relating to any transferred note or security instrument id. at § A202(G). See Am. Compl. ¶ 24.  In sum, RFC has identified the warranties at issue and, as a result, the argument that RFC failed to adequately plead such warranties is without merit.

### B.   Breaches, Causal Link and Reliance

Wells Fargo next argues that RFC fails to enumerate each allegedly defective loan in the amended complaint, rendering Wells Fargo unable to determine basic facts of RFC's claim.  Such an argument is unavailing.

The amended complaint, while not a model of clarity, alleges facts sufficient to put defendants on notice of the breach of warranties claim.  Rule 8(a) requires only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "This is both a floor and a ceiling: Rule 8 can be violated by a complaint that pleads too little and by a complaint that pleads too much."  Wright v. Medtronic, Inc., No. 09-0443, 2010 WL 1027808, at *13 (D. Minn. Mar. 17, 2010).  Here, Wells Fargo points to no factually-similar authority holding that RFC is obligated to plead its claims on a

7

loan-by-loan basis.  But cf. Ace Sec. Corp. Home Equity Loan Trust v. DB Structured Prods., Inc., Nos. 13-1869, 13-2053, 13-2828, 13-3687, 2014 WL 1116758, at *12-13 (S.D.N.Y. Mar. 20, 2014) (allowing pleading to survive dismissal without loan-by-loan allegations in a complaint, but noting that Rule 8(a) "does not relieve Plaintiff of its burden of proving loan-by-loan breaches at later stages of litigation").

Further, RFC has sufficiently alleged breach of the warranties.  Specifically, RFC pleads that Wells Fargo breached warranties "by delivering loans that were not originated or underwritten in accordance with the requirements of the Agreement; did not meet the representations and warranties made as to those loans; and/or failed to comply with applicable state and federal law." Am. Compl. ¶ 39.  RFC further supports such allegations of breach by pleading (1) that many of the loans Wells Fargo sold to RFC defaulted shortly after the loans closed or performed significantly worse than would be expected in the absence of breach, id. ¶ 43, (2) that internal RFC reviews found defects in many Wells Fargo loans, id. ¶ 42, (3) that it was obligated to repurchase many of the Wells Fargo loans it had re-sold after the discovery of loan defects, id. ¶¶ 55, 68, and (4) that, following numerous lawsuits with non-parties and the filing of hundreds of creditors' proofs of claims in its own bankruptcy proceeding, it has been shown that RFC purchased defective loans from a variety of

lenders, including Wells Fargo, id. ¶¶ 47-51, 57. RFC specifically identifies certain allegedly-defective loans sold to it by Wells Fargo and further provides a non-exhaustive "sampling" of other Wells Fargo loans,[5] including those that it claims were defective, which lends further support to the breach allegations for pleading purposes. Id. ¶ 43, id. Ex. C. Moreover, RFC has adequately pleaded a causal link. Specifically, RFC alleges that as a direct result of Wells Fargo's breaches, it was subject to extensive repurchase demands, litigation and financial losses. See Am. Compl. ¶¶ 54, 70. Finally, RFC sufficiently alleges that it relied on such warranties and representations. The Client Guide reflects Wells Fargo's "recogni[tion] that it is [RFC's] intent to securitize some or all of the Loans sold to [RFC] by [Wells Fargo]" and specifically notes that RFC would act "in reliance upon [the] warrant[ies], obligation[s] or representation[s] made by [Wells Fargo] contained in the Client Contract." Id. Ex. A, at §§ A202(II), A212. Indeed, RFC specifically pleads that the warranties at issue were material to its decisions to acquire mortgage loans from Wells Fargo. Am. Compl. ¶ 26. As a result, RFC has sufficiently pleaded a plausible breach of warranties claim, and dismissal is not warranted.

---

[5] While such sampling is illustrative for pleading purposes, it is anticipated that RFC will identify specific all allegedly-defective loans in discovery.

**III. Indemnification**

RFC next alleges a claim for indemnification.  Specifically, RFC argues that it incurred damages from the material defects of loans sold by Wells Fargo, and that Wells Fargo expressly undertook to indemnify RFC in such circumstances.  Wells Fargo argues that dismissal of the indemnification claim is warranted because RFC fails to adequately allege that Wells Fargo is bound by an indemnification provision or the specifics of any such obligation.  The court disagrees.

"Indemnity arises out of a contractual relationship, either expressed or implied by law, which requires one party to reimburse the other entirely." Hernick v. Verhasselt Contr., Inc., Nos. CX-02-1424, C0-02-1478, 2003 WL 1814876, at *4 (Minn. Ct. App. Apr. 8, 2003) (citations and internal quotation marks omitted).  "A claimant may recover indemnity ... [w]here there is an express contract between the parties containing an explicit undertaking to reimburse for liability of the character involved." Id. at *5 (second alteration in original) (citations and internal quotations omitted).

Here, RFC has adequately pleaded that the Agreement provides for remedies available to RFC upon an Event of Default, including indemnification against liabilities resulting from breaches of warranties. See Am. Compl. Ex. B-1, at § A212.  Specifically, the indemnification provision provides, "[Wells Fargo] shall indemnify

10

[RFC] from all losses, damages, penalties, fines, forfeitures, court costs and reasonable attorneys' fees, judgments, and any other costs, fees and expenses resulting from any Event of Default. This includes any act or failure to act or any breach of warranty ... contained in the Client Contract[.]").  Id.  Therefore, the argument that RFC fails to state a claim for indemnification upon which relief can be granted is without merit.  As a result, dismissal on this basis is not warranted.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to dismiss the amended complaint [ECF No. 51] is denied.

Dated:  July 21, 2014

s/David S. Doty  
David S. Doty, Judge  
United States District Court
